UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

   -against-                                            1:03-CR-58
                                                                    (LEK)

MICHAEL YARBROUGH,

                    Defendant.

## MEMORANDUM-DECISION AND ORDER

**I.    Background**

On April 22, 2003, without a plea agreement, Defendant Michael Yarbrough ("Defendant") pled guilty to a single count Indictment charging him with violations of 18 U.S.C. §§ 922(g) and 924(a)(2). Plea Minute Entry (Dkt. No. 14). After conducting a Fatico hearing, as well as reviewing defense counsel's submissions and motions, the Court found that Defendant was responsible for three to seven firearms and increased the penalty by two offense levels under § 2K2.1(b)(1)(A), not four levels as was scored in the Presentence Investigation Report. Order (Dkt. No. 118). Therefore, the Court found the Total Offense Level to be twenty, the Criminal History Category to be II, and the Sentencing Guidelines imprisonment range to be thirty-seven to forty-six months. Sentencing Minute Entry (Dkt. No. 127). On June 2, 2004, Defendant was sentenced to a term of thirty-eight months imprisonment, to be followed by three years of supervised release. Id.

Defendant appealed his judgment of conviction and sentence to the Court of Appeals for the Second Circuit. Appeal (Dkt. No. 125). On May 11, 2005, the Court of Appeals remanded the case for the limited purpose of allowing the sentencing Court an opportunity to re-examine the criteria used in calculating Defendant's sentence in light of United States v. Booker, 125 S.Ct. 738 (2005),

and United States v.Crosby, 397 F.3d 103 (2d Cir. 2005).

For the following reasons, the sentence previously imposed upon Defendant is hereby vacated, and the Court imposes a sentence of thirty months followed by three years of supervised release. As this sentence is a non-Guidelines sentence, this written opinion is issued pursuant to 18 U.S.C. § 3553(c)(2) to explain with specificity the reasons for imposing a sentence outside of the Guidelines range.

## II.   Discussion

In Booker, the United States Supreme Court severed and excised 18 U.S.C. § 3553(b)(1), the provision of the Sentencing Reform Act of 1984 ("SRA") mandating the application of the Sentencing Guidelines, to remedy the Sixth Amendment violations contained within the SRA. Booker, 125 S.Ct. at 756-57. The Second Circuit provided considerable guidance to district courts in Crosby, including the instruction that, when determining whether to resentence and when resentencing, district courts are obligated to consider the Sentencing Guidelines in conjunction with the other factors listed in 18 U.S.C. § 3553(a). Crosby, 397 F.3d at 111. Subsequently, most cases involving a procedural error in imposing a sentence are remanded to allow the sentencing judge to determine whether to resentence under the currently applicable requirements as set forth by the United States Supreme Court and the Court of Appeals for the Second Circuit.

Since the issuance of the Second Circuit's mandate in this case, the Court has reviewed all pertinent information, including, but not limited to, the Presentence Investigation Report; submissions presented by counsel subsequent to remand by the Second Circuit; the overall sentencing factors outlined in 18 U.S.C. § 3553; the Sentencing Guidelines, and relevant case law, specifically Booker, Fanfan, Crosby, and Fagans. As the count to which Defendant pled guilty only

charged that he possessed "one or more firearms", and considering his time in custody up to the time of resentencing, the Court now finds that a two level reduction in the Guidelines computation is warranted. In light of all of the above information, the Court now finds the Total Offense Level to be eighteen, the Criminal History Category to be II, and the Sentencing Guidelines imprisonment range to be thirty to thirty-seven months.

All of these factors, taken into consideration with relevant statutory requirements and case law, warrant a sentence of thirty months imprisonment, followed by three years of supervised release.

### III. Conclusion

Based on the foregoing discussion, it is hereby

ORDERED, that Defendant Michael Yarbrough is resentenced to a term of thirty months and three years of supervised release; and it is further

ORDERED, that the Clerk serve a copy of this order on all parties.

DATED: September 13, 2005
      Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge